1  BENJAMIN B. WAGNER
   United States Attorney
2  BRIAN K. DELANEY
   JEFFREY A. SPIVAK
3  Assistant United States Attorneys
   2500 Tulare Street, Suite 4401
4  Fresno, CA  93721
   Telephone: (559) 497-4000
5  Facsimile: (559) 497-4099

6  Attorneys for Plaintiff
   United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>     v.<br><br>GUILLERMO MAGALLANES,<br>  aka MEMO,<br>  aka DREAMER,<br>PASCUAL GONZALES MAGALLANES, and<br>JUAN LASCANO, JR.<br><br>                      Defendants. | 1:15-CR-00049-LJO-SKO<br><br>STIPULATION FOR FINAL ORDER OF FORFEITURE AND ORDER THEREON |
| MARGARITA SALCEDO, and<br>WESTAMERICA BANK,<br><br>                      Petitioners. | |

IT IS HEREBY STIPULATED by and between Plaintiff United States of America and petitioners Margarita Salcedo and WestAmerica Bank (hereafter "WestAmerica"), to compromise and settle their interest in the following property, and to consent to the entry of a Final Order of Forfeiture as to the following assets pursuant to Fed. R. Crim. P. 32.2 and 21 U.S.C. § 853(a):

      a. Approximately $20,287.00 in United States Currency,

    b. 2014 Lexus IS250 F Sport 4 door sedan (the "Lexus"), and

    c. 2012 Acura TL (the "Acura").

  This Stipulation for Final Order of Forfeiture is entered into between the parties pursuant to the following terms:

  1. On July 27, 2015, and September 21, 2015, defendants Guillermo Magallanes, Pascual Gonzales Magallanes, and Juan Lascano, Jr. entered into plea agreements in which they pled guilty to violations of 21 U.S.C. Sections 846 and 841(a)(1). The Court entered a Preliminary Order of Forfeiture on September 29, 2015, for the above-listed property.

  2. Pursuant to 21 U.S.C. § 853(n)(1), the United States gave direct notice to Margarita Salcedo, WestAmerica, and published notice on the official forfeiture government website www.forfeiture.gov for at least 30 days commencing on October 10, 2015. See Declaration of Publication filed on January 11, 2016, Doc. #72.

  3. WestAmerica filed a Petition for Determination of Third Party Interest in Personal Property Subject to Forfeiture on November 5, 2015, claiming a lien holder interest in the Lexus and the Acura. Margarita Salcedo filed a Petition for Ancillary Hearing on November 5, 2015, claiming an ownership interest in the Lexus, the Acura, and $4,700 of the seized $20,287.00 in U.S. Currency. No other persons or entities have come forward and the time for maintaining a claim has expired.

  4. The parties hereby stipulate that Margarita Salcedo and WestAmerica has a legal right, title, or interest in the Lexus, the Acura, and/or the seized $20,287.00 in U.S. Currency, and that such right, title, or interest requires the Court to amend the Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(c)(2) to account for the petitioners' respective interests because such interests were vested in them rather than the defendants at the time of the commission of the acts which give rise to the forfeiture of the property. See 21 U.S.C. § 853(n). The parties further stipulate, however, that the defendants had an undivided ownership interest in the above-listed properties and the Preliminary Order of Forfeiture remains valid to the extent it orders the forfeiture of their interests.

  5. Margarita Salcedo agrees to forfeit her right, title, and interest in the Acura and in $15,587 of the approximately $20,287.00 in U.S. Currency, plus any and all accrued interest on the seized currency, to the United States of America, to be disposed of as provided for by law.

6. Plaintiff United States of America agrees to return $4,700.00 of the approximately $20,287.00 in U.S. Currency and discontinue the forfeiture of Petitioner Margarita Salcedo's right, title, and interest in the Lexus. The United States agrees to return the $4,700.00 and the Lexus to Petitioner, Margarita Salcedo, through her attorney of record, Jacek Lentz, The Lentz Law Firm, P.C. 1055 Wilshire Blvd., Suite 1996, Los Angeles, CA 90017, telephone (213) 250-9200, within 20 days of entry of a Final Order of Forfeiture. The return of the Lexus shall in no way affect the lien that WestAmerica has in the Lexus. Petitioner Margarita Salcedo expressly acknowledges that WestAmerica's lien will survive the transfer of the Lexus back to her, and she acknowledges that she continues to be obligated to make payments to WestAmerica under the terms of the Retail Installment Sale Contract ("RISC") between her and WestAmerica with respect to the Lexus.

7. The United States shall list the Acura for sale which shall be handled by the U.S. Marshals Service. The U.S. Marshals Service shall have sole authority to select the means of sale, including sale by internet or through a licensed auctioneer, and shall have sole authority over the marketing and sale of the Acura.

8. The United States agrees that upon entry of a Final Order of Forfeiture and the sale of the Acura, the United States will pay from the proceeds of the sale, after payment of expenses incurred by the U.S. Marshals Service in connection with its custody and sale of the Acura, the following:

   a. All unpaid principal due to the petitioner WestAmerica under the January 14, 2015 Retail Installment Sale Contract ("RISC"). Said RISC secured a lien holder interest in Barber Acura which was assigned to WestAmerica in the original amount of $26,807.50.

   b. All unpaid interest at the contractual base rate (not the default rate) under the above RISC, assessed at 2.5% per annum.

   c. The exact amount to be paid to WestAmerica shall be determined at the time of payment.

   d. To the United States of America, the net sale proceeds from the sale of the Acura after the above disbursements to be forfeited to the United States and disposed of as provided for by law.

3

9. The payment to WestAmerica shall be in full settlement and satisfaction of all claims and petitions by WestAmerica to the Acura, and of all claims arising from and relating to the seizure, detention, and forfeiture of the Acura. The payment to WestAmerica shall not include any penalty payments, including any prepayment penalties.

10. Upon entry of final order on this stipulation, WestAmerica and Margarita Salcedo agree to assign and convey their respective security or other interest to the United States and to release and hold harmless the United States, and any agents, servants, and employees of the United States (and any involved state or local law enforcement agencies and their agents, servants, or employees), in their individual or official capacities, from any and all claims that currently exist or that may arise as a result of the United States' actions against and relating to the Acura.

11. Petitioner Margarita Salcedo hereby releases the United States and its servants, agents, and employees and all other public entities, their servants, agents, and employees from any and all liability arising out of or in any way connected with the seizure, arrest, or forfeiture of the Lexus, the Acura, or the approximately $20,287.00 in U.S. Currency.

12. As against the United States and its agents, petitioners Margarita Salcedo and WestAmerica agree to waive the provisions of California Civil Code § 1542, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

13. Petitioners agree not to pursue against the United States any other rights that they may have under the RISC, including but not limited to, the right to foreclose on and sell the Acura during the pendency of this proceeding or any post-forfeiture proceeding relating to the marketing and sale of the Acura, and any right to assess additional interest or penalties except as specifically allowed herein.

14. Petitioners understand and agree that by entering into this stipulation of their interest in the Acura and $15,587 of the approximately $20,287.00 in U.S. Currency, they waive any right to litigate further their interest in such property and to petition for remission or mitigation of the forfeiture. Thereafter, if this Stipulation for Final Order of Forfeiture is approved by the Court, then unless specifically directed by and order of the Court, Margarita Salcedo and WestAmerica shall be excused and

relieved from further participation in this action.

15. Petitioners understand and agree that the United States reserves the right to void the stipulation if, before payment of the RISC or lien, the U.S. Attorney obtains new information indicating that Petitioner WestAmerica is not an "innocent owner" or "bona fide purchaser" pursuant to the applicable forfeiture statutes. The U.S. Attorney also reserves the right, in its discretion, to terminate the forfeiture at any time and release the Acura. In either event, the United States shall promptly notify Petitioner WestAmerica of such action. A discretionary termination of forfeiture shall not be a basis for any award of fees.

16. The parties agree to execute further documents, to the extent necessary, to convey clear title to the Acura to the United States and to implement further the terms of this stipulation.

17. Salcedo agrees to bear her own costs and attorneys' fees, except as otherwise set forth herein. WestAmerica agrees to waive any claim for costs and attorney's fees against the United States and the United States agrees to waive any claim for costs and attorney's fees against WestAmerica.

18. Payment to Petitioner WestAmerica pursuant to this stipulation is contingent upon a forfeiture of the Acura to the United States, the United States' prevailing against any additional third parties alleging claims in an ancillary proceeding, and the Court's entry of a Final Order of Forfeiture. Further, the terms of this stipulation shall be subject to approval by the United States District Court. Violation of any term or condition herein shall be construed as a violation of an order of the Court.

19. Counsel for Margarita Salcedo and WestAmerica represent that they have authority to enter into this stipulation on behalf of their clients.

20. The Court shall maintain jurisdiction over this matter to, inter alia, enforce the terms of this stipulation.

Dated: February 29, 2016          BENJAMIN B. WAGNER
United States Attorney


 /s/ Jeffrey A. Spivak
JEFFREY A. SPIVAK
Assistant United States Attorney

Dated: February 26, 2016     /s/ Jacek Lentz
JACEK LENTZ
Attorney for Petitioner Margarita Salcedo
(Original signature retained by attorney)

Dated: February 29, 2016     /s/ Russell W. Reynolds
RUSSELL W. REYNOLDS
Attorney for Petitioner WestAmerica Bank
(Original signature retained by attorney)

**ORDER**

The Court having received, read, and considered the foregoing stipulation of the parties, and good cause appearing therefrom, the Stipulated Settlement is hereby ADOPTED and APPROVED, and the Court hereby enters a Final Order of Forfeiture on the terms set forth in the parties' Stipulated Settlement.

IT IS SO ORDERED.

Dated: **March 1, 2016**     /s/ Lawrence J. O'Neill
UNITED STATES DISTRICT JUDGE